ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| N.A.C.E. Inc. | ) | ASBCA No. 63555 |
| | ) | |
| Under Contract No. N40080-19-C-1612 | ) | |

APPEARANCE FOR THE APPELLANT:     Lawrence J. Sklute, Esq.
                                                                            Sklute & Associates
                                                                            Potomac, MD

APPEARANCES FOR THE GOVERNMENT:     Craig D. Jensen, Esq.
                                                                                    Navy Chief Trial Attorney
                                                                                    Kyle W. Krombach, Esq.
                                                                                    Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE ARNETT ON
APPELLANT'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

This matter comes before the Board on a motion for leave to amend the complaint filed by appellant N.A.C.E Inc. (N.A.C.E.). While the appeal challenges the evaluation issued to N.A.C.E. in the Contractor Performance Assessment Report (CPAR) system, N.A.C.E. seeks to add Count XII which asserts that the termination for cause of its contract is a "legal nullity" and that the contracting officer (CO) "exceeded her authority in terminating the contract for cause" (app. mot. at 73). The government argues that the proposed amendment is futile because it introduces an untimely new appeal that lies beyond the Board's jurisdiction (gov't resp. at 1-3). Because Count XII is a challenge to the contracting officer's termination decision that was not timely appealed, we lack jurisdiction to consider it and deny N.A.C.E.'s motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On August 8, 2019, the Department of the Navy (Navy or government) awarded Contract No. N40080-19-C-1612 (the Contract) to N.A.C.E. to provide school bus transportation for Joint Base Anacostia/Bolling, Washington DC (R4, tab 2 at GOV02, GOV4).*

2. On October 25, 2019, the government issued a cure notice to N.A.C.E. citing "school bus transportation failures" as a condition endangering contract performance and

---

* The parties numbered their Rule 4 submissions with leading zeros, which we omit here.

indicating that the government was considering terminating the contract for cause (R4, tab 6 at GOV56). On the evening of November 12, 2019, the contracting officer issued an email to N.A.C.E. with a subject line referencing, "COFD – School Bus Contract N4008019C1612" and asserting that N.A.C.E. would "remain responsible for any debt accumulated under this contract" (app. supp. R4, tab at NACE4-5).[1] On November 13, 2019, the contracting officer issued a correction email transmitting a Notice of Termination for Cause effective November 12, 2019 (*id.*). The Notice included appeal rights which read in pertinent part:

> This decision may be appealed to the Armed Services Board of Contract Appeals. If you decide to make such an appeal, you must . . . furnish written notice thereof [sic] the Board of Contract Appeals within ninety (90) days from the date you receive this decision.

(R4, tabs 7 at GOV57; 8 at GOV60-61) The government also executed a modification effective November 12, 2019 terminating the Contract for cause (R4, tab 7 at GOV57).

3. On January 10, 2020, the government entered an unsatisfactory evaluation for N.A.C.E. in the CPAR system (R4, tab 12 at GOV94). N.A.C.E. did not sign or comment on the proposed rating which was finalized on March 23, 2023 (*id.* at GOV97-98).

4. On March 22, 2022, two years and four months after the November 12, 2019 termination for default notice, N.A.C.E. submitted a claim requesting that the government "re-visit" the CPAR and "expunge" it or "make the appropriate corrections" in the system (R4, tab 14 at GOV103-31). The claim stated that the government "illegally" changed a termination for convenience to a termination for cause rendering the termination procedurally defective and legally insufficient (*id.* at GOV108-09).

5. On December 21, 2022, the government issued a contracting officer's final decision denying N.A.C.E.'s claim challenging its CPAR rating. The decision did not address the termination for cause, as the CO noted "N.A.C.E did not exercise its right to appeal the termination." (R4, tab 15 at GOV132-37).

6. On March 15, 2023, N.A.C.E. filed its notice of appeal of the government's December 21, 2022 final decision. The appeal was docketed as ASBCA No. 63555.

7. On July 1, 2023, N.A.C.E. filed a motion for leave to amend the complaint to add Count XII, which asserts that the termination for cause of its contract is a "legal

---

[1] The notice attached to the contracting officer's November 12, 2019 email does not appear to be in the current appeal record.

2

nullity" and that the contracting officer "exceeded her authority in terminating the contract for cause". On August 2, 2023, the government filed its response in opposition to the motion. On August 31, 2023, N.A.C.E. filed a reply in support of its motion.

DECISION

*Parties' Contentions:*

N.A.C.E. moves the Board for leave to amend the complaint to add Count XII asserting that the termination for cause is a legal nullity (app. mot. at 1). N.A.C.E. contends that there is no prejudice to the government because this issue was mentioned in the claim (*id.*). Opposing the motion, the government argues that the proposed amendment is futile because it introduces an untimely new appeal that lies beyond the Board's jurisdiction (gov't resp. at 1-3).

*Futility as a Basis to Deny Leave to Amend:*

Under Board Rule 6(d), we may permit either party to amend its pleading "upon conditions fair to both parties." While not binding upon the Board, FED. R. CIV. P. 15(a)(2) provides that a court "should freely give leave when justice so requires." However, futility is a good reason to deny a motion for leave to amend a pleading. *Relyant, LLC*, ASBCA No. 59809, 18-1 BCA ¶ 37,085 at 180,534 (citing *see e.g. Foman v. Davis*, 371 U.S. 178, 182 (1962) (identifying several justifications for denial of leave to amend including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment)).

When faced with the prospect of being denied leave to amend on the ground of futility, a party must demonstrate that its pleading states a claim on which relief could be granted and must proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion. *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354-55 (Fed. Cir. 2006). Our cases have found futility of amendment and denied leave to amend where the litigant cannot prove any set of facts in support of a claim or defense that would entitle it to relief. *Engility, LLC*, ASBCA No. 61281, 19-1 BCA ¶ 37,430 at 181,923 (denying leave to amend answer where the proposed defense was insufficient as a matter of law); *Relyant, LLC*, 18-1 BCA ¶ 37,085 at 180,534 (denying leave to amend the complaint to assert promissory estoppel cause of action because the Board lacks jurisdiction over implied-in-law contracts).

*Could Relief be Granted on Count XII?*

Here, the crux of the issue is whether Count XII states a claim upon which relief could be granted or is futile because it asserts an untimely claim over which we lack

jurisdiction.

*Count XII challenges the termination decision.*

Count XII alleges that the termination for cause is a "legal nullity" and that the contracting officer exceeded her authority in terminating the contract for cause (app. mot. at 73, ¶ 165). N.A.C.E. asserts that the Board has jurisdiction over Count XII because it arises from the same operative facts and legal issues in N.A.C.E.'s March 22, 2022 claim and is, therefore, not a new claim (app. reply at 3). Noting that the scope of an appeal is determined by the underlying claim and final decision, the government asserts that Count XII is a collateral challenge to the termination decision (gov't resp. at 2-3). We agree with the government.

In determining whether a claim is new, we examine whether it derives from the same set of common or related operative facts as the claim presented to the contracting officer and seeks the same or similar relief. *Parwan Group Co.*, ASBCA No. 60657, 18- 1 BCA ¶ 37,082 at 180,495 (citing *Scott Timber Co. v. United States*, 333 F.3d 1358, 1365 (Fed. Cir. 2003)).

Here, we agree that the claim set forth in Count XII is not a new claim. Rather, we find that it is, in fact, an old claim arising from the termination for cause that appellant failed to appeal within the 90-day statutory period. It asserts that the termination is a "legal nullity" and that the contracting officer exceeded her authority in issuing it (app. mot. at 73, ¶ 165). We hold that Count XII expressly challenges the propriety of the November 2019 termination decision.

*Count XII is not timely.*

The CDA provides a 90-day period for appeal of a contracting officer's final decision to this Board. 41 U.S.C. § 7104(a). It states that a contracting officer's decision on a claim is "final and conclusive and is not subject to review by any forum, tribunal, or Federal Government agency unless an appeal or action is timely commenced as authorized by this chapter." 41 U.S.C. § 7103(g). The 90-day appeal period under the CDA is jurisdictional and may not be waived. *Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1390-91 (Fed. Cir. 1982); *Waterstone Env't Hydrology & Eng'g, Inc.*, ASBCA No. 57557, 12-1 BCA ¶ 35,028 at 172,143.

We addressed a factually similar circumstance in our decision in *Military Aircraft Parts*, ASBCA No. 60139, 16-1 BCA ¶ 36,390 at 177,422. Two years after its contract was terminated for default, the contractor filed a breach of contract claim under the CDA which asserted numerous challenges to the termination decision. *Id.* at 177,423.

4

Following a deemed denial of its CDA claim, the contractor appealed to the Board. *Id.* We held,

> [W]e see no way to give appropriate force and effect to the CDA's express statements that a COFD is 'final and conclusive and not subject to review' by any tribunal 'unless an appeal or action is timely commenced as authorized by this chapter,' except by declining to review contractor claims *to the extent* that they expressly or implicitly challenge final decisions that were not timely appealed.

*Id.* at 177,425 (emphasis in original). Finding the contractor's claim to be an implicit challenge to a final decision that had not been timely appealed, we concluded that we lacked jurisdiction to consider it. *Id.* at 177,425-26

Rather than implied, the challenge here is overtly stated. Count XII expressly challenges the contracting officer's termination decision. N.A.C.E. did not file its notice of appeal with the Board until March 15, 2023 (SOF ¶ 6). More than three years elapsed between the November 12, 2019 termination decision and N.A.C.E.'s appeal (SOF ¶¶ 2, 6). Thus, N.A.C.E.'s appeal of the termination decision is not within the 90-day appeal period and is untimely.

In the absence of a timely appeal of the government's termination decision, we lack jurisdiction to consider N.A.C.E.'s Count XII. We hold that it does not state a claim upon which relief could be granted.

<u>CONCLUSION</u>

For the reasons discussed above, N.A.C.E.'s motion for leave to amend the complaint is denied.

Dated: October 11, 2023

_____
LAURA J. ARNETT
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

5

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the
Armed Services Board of Contract Appeals in ASBCA No. 63555, Appeal of N.A.C.E.
Inc., rendered in conformance with the Board's Charter.

Dated:  October 11, 2023

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

6